**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GUY MARGEL, E.G.L. CERTIFICAT B.V.B.A.,
EUROPEAN GEMOLOGICAL LABORATORIES S.A.
(PTY) LTD., and E.G.L.-EUROGEM LABORATORIES
(ISRAEL) LTD.,

                   Plaintiffs and Counterclaim Defendants,

  -against-

E.G.L. GEM LAB LTD., NACHUM KRASNIANSKI,
MARK GERSHBURG, AND SHAINDY JACOB,

                 Defendants and Counterclaim Plaintiffs,

  -against-

T.C.R. VAN SCHOONBEEK and GUY BENHAMOU,

               Third Party Defendants.

Case No. 04 CV 1514 (PAC)(HP)

---

### DECLARATION OF ROBERT E. HANLON

**ROBERT E. HANLON, pursuant to 28 U.S.C. § 1746, declares and says as follows:**

    1.   I am a partner in the law firm of Alston & Bird LLP ("A&B") and am a member in good standing of the Bars of the States of New York and New Jersey, the United District Courts for the Southern and Eastern Districts of New York and the Districts of New Jersey and Arizona, the United States Court of Appeals for the Second Circuit and the United States Supreme Court. I am familiar with the facts and circumstances in this action.

    2.   My firm and I presently serve as counsel to E.G.L. Gem Lab Ltd., Nachum Krasnianski and Shaindy Jacob (collectively, "EGL USA" or "Defendants"), Defendants and Counterclaim Plaintiffs in this action.

3. I make this declaration in support of EGL USA's application to recover attorneys' fees for fees incurred in connection with its efforts to obtain Plaintiffs' documents in this action, as ordered pursuant to Fed. R. Civ. P. 37(a)(5)(A) by Magistrate Judge Pitman on May 29, 2008.

### Statement of Attorneys' Fees and Costs

4. The amount of attorneys' fees incurred through January 20, 2006 in connection with EGL USA's efforts to obtain Plaintiffs' documents in this action are $19,731.

5. The legal work provided by A&B in this matter was performed by attorneys in the firm's Intellectual Property Department including myself (Partner) and Sarah Hsia (Associate).

6. A detailed statement of the services rendered by each A&B attorney for whom service fees are claimed, together with a summary of the time spent by each person in connection with EGL USA's efforts to obtain Plaintiffs' documents is attached hereto as Exhibit A. This statement of services reflects the legal services that were necessary to the litigation of this action, including, but not limited to:

    (A)        Drafting and sending letters to Plaintiffs and to the Court regarding Plaintiffs' failure to produce documents;

    (B)        Participation in discovery conferences with counsel for Plaintiffs; and

    (C)        Appearances before this Court in connection with discovery conferences and EGL USA's motion to compel.

7. A&B's billing statements are normally rendered on a monthly basis and are due and payable upon receipt. A&B takes into account many factors in billing for services rendered. The principal factor is usually A&B's time costs billed at hourly rates for

attorneys and legal assistants who do the work.   A&B's schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice and level of professional attainment.

8.   The customary hourly charges at A&B for the individuals who had primary responsibility for this case during the period for which fees were awarded are as follows:

a.   Robert E. Hanlon (Partner) $550 (2005); $585 (2006)

b.   Sarah Hsia (Associate) $310 (2005); $350 (2006)

9.   The rates of these individuals are reasonable, and in keeping with those prevailing in the community for similar services.   A true copy of an article from the *National Law Journal*, dated December 6, 2004, that sets forth the published billing rates of many New York firms of comparable size and reputation of A&B is attached as Exhibit B.

10. Attorneys from A&B billed a total of approximately 47.1 hours on EGL USA's efforts to obtain the production of documents from Plaintiffs.   As the bill preparer for EGI, I review each charge for reasonableness before submission to the client.   The number of hours devoted to seeking to obtain Plaintiffs documents are reasonable considering the wholesale failure of Plaintiffs to produce, and the degree to which Plaintiffs' failure to produce documents was unreasonable.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: June 10, 2008
        New York, New York

_____
ROBERT E. HANLON